KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Road, Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
E-mail: kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Mishell Bearup

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mishell Bearup, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Healthcare Collections-I, L.L.C.; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Mishell Bearup, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Mishell Bearup (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Healthcare Collections-I, L.L.C. (hereafter "Healthcare"), is a company with an address of 2432 W Peoria Ave, Suite 1060, Phoenix, Arizona 85029, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Healthcare and whose identities are currently unknown to the Plaintiff. One or more of the

2

Collectors may be joined as parties once their identities are disclosed through discovery.

7. Healthcare at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Alleged Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Healthcare for collection, or Healthcare was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   Healthcare Engages in Harassment and Abusive Tactics**

12. Within the last year, Healthcare contacted Plaintiff in an attempt to collect the alleged Debt.

13.    Plaintiff reached an arrangement with Healthcare in May 2012 regarding a payment to be made on the alleged Debt in which Plaintiff agreed to pay it off for a reduced amount to Healthcare in June 2012.

14.    Despite agreeing to make payment(s), Healthcare continued to place several calls a day to Plaintiff's cellular telephone in an attempt to collect the alleged Debt.

15.    On May 24, 2012, Plaintiff explicitly asked Healthcare to cease calling her regarding the alleged Debt. Plaintiff stated that her cellular telephone is a prepaid phone and that she has to pay for each of Healthcare's repeated phone calls to her. Plaintiff also noted to Healthcare that she had already agreed to pay Healthcare so there is no reason for Healthcare to continue to call her.

16.    Despite Plaintiff's request, Healthcare continued to call Plaintiff's cellular telephone at an excessive and harassing rate, including sometimes placing repeated calls to Plaintiff within the same hour.

17.    Upon information and belief, Healthcare made calls to Plaintiff with an automated dialing system based on the delay that would occur when Plaintiff picked up the line.

**C.    Plaintiff Suffered Actual Damages**

18.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

4

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

23. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

24. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT— 47 U.S.C. § 227, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

29. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

32. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Arizona state law.

33. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with excessive phone calls.

34. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

35. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

37. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

E.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and interference with contractual relations in an amount to be determined at trial for the Plaintiff;

F.  Punitive damages;

G. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  June 13, 2012                    LEMBERG & ASSOCIATES, LLC


By:  */s/   Kindra Deneau*
Kindra Deneau

Attorney for Plaintiff
Mishell Bearup